UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARKIL LIONKINGZULU, 96A4462,
formerly known as ARKIL JOHNSON,

        Plaintiff,

   -v-

PAUL JAYNE, Corrections Officer;
JACOB V. MILLER, JR., Corrections Officer;
BRUCE L. HERRICK, Corrections Officer
and JOHN S. MARSHAL, Corrections Officer,
in their Individual and official capacities while
in the employ of the New York State Department
of Correctional Services (NYSDOCS),

        Defendants.

12-CV0845A(M)
ORDER



FILED OCT 3 2012 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

---

Plaintiff Arkil LionKingzulu, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983, and has paid the filing fee. The complaint has been reviewed by the Court with respect to the 28 U.S.C. § 1915A criteria.

Plaintiff has brought this action under 42 U.S.C. § 1983. He names the defendants in their individual and official capacity. The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98-100 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65-66 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities.

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff may therefore sue the defendants in their official capacity only if they consent to be sued. *Pennhurst*, 465 U.S. at 99-101. Since none have consented, the Eleventh Amendment bars the plaintiff's suit against the defendants in their official capacity, to the extent that such claims have been made.

Because plaintiff paid the filing fee, he is responsible for service of the summons, complaint, and this order on the defendants. The Court notes that plaintiff is an inmate of a correctional facility who is proceeding *pro se*, and thus he may wish to request service by the United States Marshal at a nominal cost, as explained in the attached information. Should plaintiff choose to do so, he should utilize the attached Application for an Order Directing Service by the U.S. Marshal. The Clerk of the Court is directed to issue the summons and send them to plaintiff together with this order.

Pursuant to 42 U.S.C. § 1997e(g), defendants are directed to answer the complaint.

SO ORDERED.

DATED: 10/3, 2012
Buffalo, New York

JOHN T. CURTIN
United States District Judge

2