UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ARKIL LIONKINGZULU, (96-A-4462),
formerly known as ARKIL JOHNSON,

                Plaintiff,

v.

PAUL JAYNE, et al.,

                Defendants.
_____

**DECISION AND ORDER**

12-CV-00845(A)(M)

       This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings [13].[1] Before me is plaintiff's motion to compel [42]. Oral argument was held on December 12, 2013. For the following reasons, plaintiff's motion is denied in part and my decision is reserved in part pending review of defendants' *in camera* submissions.

**BACKGROUND**

       Plaintiff, an inmate, commenced this action *pro se* pursuant to 42 U.S.C. §1983, alleging that he was subjected to excessive force by defendants on November 26, 2010, while shackled in the draft area of the Southport Correctional Facility. Complaint [1]. On or about November 3, 2013, plaintiff served his First Request for Production of Documents [31], and defendants responded on or about November 19, 2013 [37]. Dissatisfied with certain aspects of defendants' production, plaintiff moves to compel the following items requested in his First Request for Production of Documents:

---

[1]     Bracketed references are to the CM/ECF docket entries.

"1. Watch commander log book entry pertaining to the incident on November 26, 2010.

3. Any and all rules, regulations, and policies of the New York Department of Corrections in relation to when a prison guard is authorized to use force against a prisoner.

4. An inspection of Correction Law 137(5).

6. Photographs of entire intake area/draft area.

7. Production of policy statements.

8. Production of prison rules and employee manual.

9. Any and all complaints or grievances from 2011 to the present in relation to defendants Jayne, Miller, Herrick, Marshall pertaining to excessive use of force.

10. Any and all policies, directives or instructions to staff concerning use of force by Southport security staff."[2]

In addition to the production of this discovery, plaintiff's motion to compel seeks "$10.000 as reasonable expenses". Plaintiff's Motion [42], p. 2.

## ANALYSIS

Both Fed. R. Civ. P. ("Rule") 37(a)(1) and Loc. R. Civ. P. 7(d)(4) require the parties to meet and confer before moving to compel discovery. It is undisputed that plaintiff failed to comply with this requirement before filing his motion. Plaintiff is cautioned that future

---

[2] The paragraph numbering in plaintiff's motion to compel generally corresponds to the paragraph numbering of Plaintiff's First Request for Production of Documents.

failures to abide by this requirement do so may result in the denial of motions to compel discovery.

**A.      Request Nos. 1, 4 and 6**

Defendants respond that there is no watch commander log book entry for an incident on November 26, 2010 (Levine Declaration [43], ¶7) and no existing photographs of the draft area. Id., ¶11.[3] Based upon defendants' representations, these aspects of plaintiff's motion are denied, as moot. To the extent that defendants have provided plaintiff with the text of Correction Law §137(5), this aspect of plaintiff's motion is also denied, as moot.

**B.      Request Nos. 3, 8 and 10**

Defendants shall produce for my *in camera* review unredacted copies of Directive 4944 ([43], Ex.A) and portions of the Employee Manual relating to the use of force.

**C.      Request No. 7**

Defendants respond that "there is no known document", entitled "policy statement". Levine Declaration [43], ¶12. Therefore, this aspect of plaintiff's motion is denied.

---

[3]      Although plaintiff explained at oral argument that he is seeking to have defendants take photographs of the draft area, this was not requested in his discovery demand.

D.      Request No. 9

Plaintiff seeks to compel production of "[a]ny and all complaints or grievances from 2011 to the present in relation to defendants . . . pertaining to excessive use of force". [42] ¶9. Defendants respond that grievances relating to alleged excessive force incidents after the incident at issue are not relevant and that locating the grievances would be unduly burdensome since the grievances are organized by inmate, rather than by the corrections officer involved. Levine Declaration [43], ¶13. I agree with defendants.

"Prior complaints made against the defendants . . . are discoverable in §1983 civil rights actions so long as the complaints are similar to the constitutional violations alleged in the complaint or are relevant to the defendant's truth or veracity." Simcoe v. Gray, 2012 WL 1044505, *3 (W.D.N.Y. 2012) (Feldman, M.J.). However, plaintiff offers no explanation of the relevance of complaints against defendants occurring *after* the alleged November 26, 2010 excessive force incident. *See* Morales v. Town of Glastonbury, 2011 WL 3490080, *2 (D.Conn. 2011) (limiting discovery of civilian complaints regarding excessive force against the defendants to complaints prior to the date of the alleged incident); Messa v. Woods, 2008 WL 2433701, *3-4 (N.D.N.Y. 2008) (same). In any event, even if plaintiff could establish the relevance of this discovery, "the burden of searching all inmates' files for grievances against specific defendants is unduly burdensome". Willey v. Kirkpatrick, 2011 WL 4368692, *5 (W.D.N.Y. 2011) (Payson, M.J.). Therefore, this aspect of plaintiff's motion is denied.

## CONCLUSION

For these reasons, plaintiff's motion to compel [42] is denied, except to the extent that it seeks production of an unredacted copy of Directive 4944 and portions of DOCCS' Employee Manual relating to the use of force. Defendants shall produce these materials for my *in camera* review. If I determine from my *in camera* review of these materials that production to plaintiff is warranted, I will provide defendants with notice and an opportunity to be heard. I will also defer my determination of plaintiff's request for costs until the remaining aspects of his motion are resolved.

**SO ORDER**

DATED: December 16, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge