UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARKIL LIONKINGZULU
Formerly known as ARKIL JOHNSON,

                          Plaintiff,

                                              DECISION AND ORDER
           v.                                            12-CV-845A

PAUL JAYNE, Corrections Officer, et al.,

                          Defendants.

---

       This case was referred to Magistrate Judge Jeremiah J. McCarthy, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge McCarthy filed a Report, Recommendation, and Order (Dkt. No. 74), recommending that the defendants' motion for summary judgment (Dkt. No. 60) be granted to the extent that it seeks dismissal for failure to exhaust administrative remedies. Magistrate Judge McCarthy also denied plaintiff's motion for leave to file an amended complaint. Dkt. No. 62.

       Plaintiff filed objections to the Report and Recommendation. Dkt. No. 77. Plaintiff also appealed Magistrate Judge McCarthy's order denying plaintiff's motion for leave to amend. Defendants responded (Dkt. No. 79), and plaintiff filed a reply. Dkt. No. 80.

       Pursuant to 28 U.S.C. § 636(b)(1), this Court must review *de novo* those portions of the Report and Recommendation to which objections have been made. Plaintiff's objections are based primarily on his argument that he "originated his grievance at Wende Correctional Facility," but that he "never received a reply from the

Wende Grievance Committee." Dkt. No. 77 at 11.  As Magistrate Judge McCarthy noted, however, even assuming the truth of this statement, "the fact that plaintiff's grievance was never acted upon is . . . insufficient to excuse his failure to fully exhaust his administrative remedies."  Dkt. No. 74 at 10.  DOCCS' regulations provide that grievances "not decided within the [relevant] time limits may be appealed to the next step."  7 N.Y.C.R.R. § 701.6(g)(2).  Plaintiff points to no evidence that he appealed the Wende Inmate Grievance Review Committee's failure to timely act on his grievance.  And it is irrelevant, at least for exhaustion purposes, that plaintiff was transferred to Southport Correctional Facility soon after filing his grievance at Wende.  DOCCS' regulations provide that "[a]n inmate transferred to another facility may continue an appeal of any grievance."  *Id.* § 701.6(h)(1).  Again, plaintiff points to no evidence that he availed himself of this procedure.

Thus, upon *de novo* review, the Court adopts Magistrate Judge McCarthy's recommendation that the defendants' motion for summary judgment be granted to the extent that defendants argue that plaintiff did not exhaust his administrative remedies.  The Court therefore need not address Magistrate Judge McCarthy's alternative recommendation that defendants' motion for summary judgment be denied to the extent that it argues that plaintiff's injuries were *de minimis*.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court reviews Magistrate Judge McCarthy's order denying plaintiff's motion for leave to amend to determine whether that order was clearly erroneous or contrary to law.  Upon such review, the Court affirms Magistrate Judge McCarthy's order.  Magistrate Judge McCarthy relied on the proper legal standard, and he acted well within his discretion in denying plaintiff's

motion, which plaintiff filed nearly nine months after Magistrate Judge McCarthy's deadline for doing so.

Accordingly, for the reasons set forth in Magistrate Judge McCarthy's Report, Recommendation, and Order (Dkt. No. 74), as well as for the reasons set forth above, the defendants' motion for summary judgment is granted to the extent that it seeks dismissal for failure to exhaust administrative remedies.  Further, plaintiff's motion for leave to file an Amended Complaint is denied.

The Clerk of Court shall take all steps necessary to close the case.

IT IS SO ORDERED.

                                                          ____*Richard J. Arcara*_____
                                                HONORABLE RICHARD J. ARCARA
                                                UNITED STATES DISTRICT COURT

Dated:   August 26, 2016